CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS, <br>     Plaintiff, | Civil Action No. 7:18-cv-00460 |
| v. | **MEMORANDUM OPINION** |
| DIRECTOR HAROLD CLARKE, et al., <br>     Defendants. | By: Michael F. Urbanski <br> Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil action as a "petition for writ of mandamus." Plaintiff names as defendants: Harold Clarke, the Director of the Virginia Department of Corrections; "U.S. District Court Abindgon Division"; "U.S. District Court Big Stone Gap Division"; "Judicial Council of Fourth Circuit"; and "Executive Circuit Samuel Phillips." Plaintiff is dissatisfied that judges of this court have found his prior lawsuit to be meritless. In particular, Meyers alleges that his prior "cases were dismissed due to U.S. Judge James Jones white supremacy oppression and racist domination he is imposing on and over plaintiff with U.S. Judge Glen Conrad and U.S. Magistrate Judge Robert Ballou." Pet. Writ Mand. 1, ECF No. 1.

This action is dismissed as frivolous and malicious because it was commenced for the purpose of harassment and not for the purpose of vindicating a cognizable right with an arguable basis in law or fact. See, e.g., Neitzke v. Williams, 490 U.S. 319, 328 (1989). "Although some cases that deserve immediate dismissal will not always fit articulated standards, the trained jurist can many times see through a screen of technically recognized allegations to discover a warrantless action." Spencer v. Rhodes, 656 F. Supp. 458, 462 (E.D.N.C.), aff'd, 826 F.2d 1061 (4th Cir. 1987). "The claim . . . asserted could be one that was legally recognized, but from the face of that complaint, there [i]s no doubt that the plaintiff [i]s presenting the judiciary with nothing more than an opportunity to waste some time." Id. "[T]he judiciary, should not with

precedent, tie our own hands to the extent that we make ourselves unable to keep pro se litigation in the federal courts from becoming a form of recreation for prison inmates." Id. at 463.

The court declines to construe the mandamus petition as a civil rights action under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), based on the conclusory use of legal labels, which are not entitled to an assumption of truth. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To the extent some court could construe the repetitive labels and conclusions into an actionable complaint about his protective custody and a threat of harm, it would, at best, be subject to dismissal without prejudice as duplicative of the claims raised in this court in Meyers v. U.S. Postal Service, No. 7:18-cv-00029.[1] See, e.g., McClary v. Searles, No. 3:16-cv-640-FDW, 2017 U.S. Dist. LEXIS 187191, at *3, 2017 WL 6756642, at *2 (W.D.N.C. Nov. 13, 2017) (dismissing action without prejudice for being substantially duplicative of claims in an earlier-filed § 1983 case that was still pending in that court), aff'd, 717 F. App'x 337 (4th Cir. 2018).

Moreover, the petition contains no allegations of personal conduct by defendant Harold Clarke to support a § 1983 claim against him. Supervisory liability under § 1983 may not be predicated on the theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7, 691-94 (1978); Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (discussing the deliberate indifference standard

---

[1] The court held a hearing on August 16, 2018, concerning his original allegation of imminent danger in that case. The magistrate judge has recommended that the court allow Plaintiff to proceed without prepaying the filing fee under 28 U.S.C. § 1915(g) based on allegations in that case about specific ROSP staff's and inmates' conduct around January 2018. Meyers v. U.S. Postal Service, No. 7:18-cv-00029 (W.D. Va. Oct. 9, 2018) (Sargent, M.J.).

2

for a supervisor's liability under § 1983).  As such, Meyers' allegations fail to state an actionable § 1983 claim against Clarke.

For the foregoing reasons, the court dismisses the action as frivolous and malicious.

ENTER: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge